## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA
### COURT FILE NO.: 0:14-CV-02219

| | |
|---|---|
| Alicia Holly Lenz,<br><br>            Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership,<br><br>            Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff Alicia Holly Lenz (hereinafter "Plaintiff") is a natural person who resides in the City of Farmington, County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person

-1-

effected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

5.  Defendant GC Services Limited Partnership (hereinafter "Defendant") is a collection agency and foreign company operating from an address of 6330 Gulfton Street, Houston, Texas 77081, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.  Defendant attempted to collect from Plaintiff an alleged financial obligation in the approximate amount of $36,794.68 that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, money allegedly owed to the U.S. Department of Education for student loans to attend Utah State University.

7.  This alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

8.  After this alleged debt was transferred to Defendant, Defendant attempted to collect this debt from Plaintiff.

9.  However, Plaintiff never incurred the alleged debt that Defendant has attempted to collect from her.

10. Plaintiff does not have a student loan with the U.S. Department of Education, and, in fact, has never been to Utah.

11.     Moreover, Plaintiff's birth date, social security number and middle name are all different than those of the obligor on this student loan account.

12.     Plaintiff explained the above circumstances to Defendant and disputed this debt with Defendant on several occasions, yet Defendant continued to collect this debt from Plaintiff and even sent garnishment paperwork to her place of employment.

*Defendant's Continued Collection of this Debt from the Wrong Person*

13.     On or around December 4, 2013, Defendant sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14.     Defendant's December 4, 2013, collection letter provided a balance due of $36,794.68, and stated, in pertinent part, the following:

>       Dear Alicia H. Lenz:
>
>       The United States Department of Education has referred your account to GC Services, a contracted professional collection agency, for collection. Although your account is in serious default, we are confident we can provide you assistance to resolve your student loan. We understand your needs as a student loan borrower and can help you regain control of this account.
>
>       We are prepared to provide you all necessary information on various programs to resolve your defaulted student loan.
>
>       We encourage you to take advantage of this opportunity. Contact our Office at 877-244-7901.
>
>       Please mail correspondence to the following address:

GC Services
PO Box 27346
Knoxville, TN 37927
Or call:  877-244-7901

B. Gentry
Collection Manager

15.   Plaintiff was frustrated and confused by Defendant's collection letter demanding more than $36,000 from her on a student loan account that she did not owe.

16.   Shortly after receiving this letter, Plaintiff called Defendant and spoke with Defendant's collection agent about this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17.   Plaintiff explained to Defendant's collection agent that this was not her student loan account.

18.   Defendant's collection agent required that Plaintiff provide her personal information in order to discuss the account, including Plaintiff's social security number.

19.   Since Plaintiff had no other way of discussing this account with Defendant, Plaintiff provided her personal information to Defendant; a company that was collecting this debt from the wrong person and with whom Plaintiff has had no prior business relationship.

20. After Plaintiff provided her personal information, Defendant's collection agent acknowledged that the obligor of this student loan account had a different middle name, date of birth and social security number.

21. Plaintiff asked that Defendant remove her from any call list and that they no longer contact her about this account, or words to that effect.

22. Defendant's collection agent explained that this would be resolved and they would no longer be contacting her to collect this debt, or words to that effect.

23. However, Defendant's collection of this account from Plaintiff did not stop.

24. After Plaintiff's first call with Defendant, Defendant continued to call Plaintiff on her home and cell phones in an attempt to collect this debt, and in violation of the FDCPA at 15 U.S.C. §§ 1692c(a)(1), 1692c(c), and 1692d(5).

25. Additionally, Defendant called Plaintiff's husband on his personal cell phone in an attempt to locate Plaintiff to collect this debt, and in violation of the FDCPA at 15 U.S.C. §§ 1692b, 1692c(b), 1692c(c), and 1692d(5).

26. On top of that, Defendant called and discussed this debt with Plaintiff's employer; a debt that Plaintiff has never even incurred.

27. Not only did Defendant discuss this debt with Defendant's employer, but Defendant continued one step further and ordered an Administrative Wage Garnishment against her.

28.    On or around February 8, 2014, Plaintiff received a letter regarding this alleged

debt entitled, "Final Notice Of Wage Garnishment For Debt Owed To U.S.

Government."

29.    This Notice of Wage Garnishment letter now reflected a balance of $37,142.79

and stated, in relevant part, "You have failed to respond to a previous Notice . .

. [a]s a result of your non-response, the Department will order your employer to

begin withholding 15% of your disposable pay every pay period until the

balance is paid-in-full."

30.    Upon receiving this Notice of Wage Garnishment, Plaintiff was now scared and

embarrassed that her employer would be receiving this information for a debt

that she has never incurred.

31.    Even after Plaintiff's continued disputes of this debt to Defendant, Defendant

failed to correct the obligor's information on this account, failed to promptly

report Plaintiff's disputes to the U.S. Department of Education, and failed to

cancel the Administrative Wage Garnishment ordered against her.

32.    Moreover, based on a collection letter received by Plaintiff in June 2014 from

another collection agency for this same debt, it appears that Defendant failed to

properly report Plaintiff's disputes to the Department of Education, who, in

turn, has now sent this account to another collection agency for collection from

Plaintiff.

33.  In sum, after Plaintiff explained that this was not her debt, and Defendant's collection agent admitted the same, Defendant continued to call Plaintiff, Defendant called Plaintiff's husband, Defendant called Plaintiff's place of employment, Defendant issued an Administrative Wage Garnishment order, and Defendant failed to properly report Plaintiff's disputes back to the Department of Education who continues to have this debt collected from Plaintiff, all done in violation of multiple provisions of the FDCPA.

34.  Defendant's continued collection of this debt, and its demands for payment from Plaintiff for this student loan, were illegal communications with a third party in an attempt to collect this debt, and the illegal collection of a debt that Plaintiff never owed, in violation of the FDCPA at 15 U.S.C. §§ 1692c(b), 1692e(2), and 1692f(1), among other provisions.

35.  During the collection calls with Plaintiff, Defendant's collection agents also failed to conform to the allowable communications with third parties pursuant to 15 U.S.C. §§ 1692b and 1692c(b), namely, by stating that a debt was owed to the U.S. Department of Education, by providing personal information to Plaintiff related to the consumer who allegedly owes this debt, and by failing to limit their request to "location information," as defined by 15 U.S.C. § 1692a(7).

36. During these collection calls, Defendant's collectors also failed to state that they were only confirming or correcting location information concerning the consumer as required by 15 U.S.C. § 1692b(1).

37. Defendant's abusive, deceptive and unfair representations to Plaintiff in its continued collection of this debt from her and the garnishment ordered from her employer, were material representations that affected and frustrated her ability to respond to Defendant because Plaintiff felt hopeless and did not know how else she could get Defendant to realize that this was not her debt.

38. These communications from Defendant were abusive, false, deceptive, and unfair communications in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b, 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692c(c), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Summary*

39. The above-described collection communications made to Plaintiff by Defendant and the collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

40.     As a result of Defendant's illegal conduct, Plaintiff has suffered actual damages in the form of anxiety, stress, fear, frustration and emotional distress, amongst other negative emotions.

### *Respondeat Superior Liability*

41.     The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, the Defendant.

42.     The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

43.     By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

44.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in its attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

45.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all

issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

46.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

47.    The foregoing acts and omissions of Defendant and their agents constitute

numerous and multiple violations of the FDCPA including, but not limited

to, each and every one of the above-cited provisions of the FDCPA, 15

U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

48.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3),

from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**BARRY & HELWIG, LLC**

Dated: June 25, 2014

By:  **s/Patrick J. Helwig**
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA      )
                                     ) ss
COUNTY OF DAKOTA       )

Pursuant to 28 U.S.C. § 1746, Plaintiff Alicia Holly Lenz, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___*June*___ ___*25th*___, ___*2014*___
                    Month           Day          Year

_____
Signature